**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ANGELA VICTORIA ROSS,**

        **Plaintiff,**

**v.**                                               **Case No: 6:12-cv-959-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

Angela Victoria Ross (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to comply with the Appeals Council's remand order; and 2) failing to demonstrate good cause supported by substantial evidence for giving less than significant weight to Dr. Alvarez's July 15, 2011, retrospective opinion. Doc. No. 18 at 10-18. For the reasons set forth below, it is recommended that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

**I.**      **BACKGROUND.**

On August 10, 2009, ALJ Lisa B. Martin issued a decision finding Claimant not disabled. R. 116-128. Claimant sought review from the Appeals Council and submitted written argument as well as new evidence consisting of pharmacy information sheets indicating the side-effects that Claimant suffers from her medications. R. 363-69. Claimant argued that the ALJ erred by

failing to making specific findings regarding the side-effects of Claimant's medications. R. 363-64.

On August 20, 2010, the Appeals Council entered an order remanding the case to the ALJ for further proceedings. R. 129-32. In the order, the Appeals Council directed the ALJ to do the following:

- Obtain additional evidence concerning the claimant's hearing impairment in order to complete the administrative record. . . .

- Give further consideration to the non-examining source opinion from Dr. Bancks as it relates to a limitation in hearing. . . .

- If necessary, obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments. . . .

- If applicable, give further consideration to the claimant's maximum residual functional capacity and provide appropriate rational with specific references to evidence of record in support of the assessed limitations. . . .

- If warranted by the expanded record, obtain supplemental evidence from a vocational expert. . . . [and]

- In compliance with the above, <u>the [ALJ] will</u> offer the claimant an opportunity for a hearing, <u>address the evidence which was submitted with the request for review</u>, take any further action needed to complete the record and issue a new decision.

R. 131-32 (emphasis added). Thus, in addition to other directives, the Appeals Council ordered the ALJ to "address the evidence which was submitted with the request for review." R. 132. The pharmacy information sheets containing the side-effects Claimant allegedly suffers from was the only additional evidence submitted with the request for review. R. 363-69.

On September 19, 2011, after a hearing, the ALJ issued a new decision finding Claimant not disabled. R. 10-22. In the decision, the ALJ stated the following:

> In its remand order, the Appeals Council directed the [ALJ] to: obtain additional evidence to further evaluate the claimant's hearing impairment; give further consideration to the nonexamining source opinion of Dr. Bancks; if necessary, obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments; if applicable, give further consideration to the claimant's maximum residual functional capacity; and, if warranted, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base. <u>By this decision, [the ALJ has] complied with all of the Appeals Council's instructions contained in their Order</u>.

R. 10 (emphasis added). The ALJ's description of the Appeals Council's remand order fails to include its directive to "address the evidence which was submitted with the request for review." *Compare* R. 10 *with* R. 132. In the decision, the ALJ notes that "claimant also testified she took pain medication, which caused her to doze off three times during work hours," but the ALJ does not address or discuss the pharmacy information sheets submitted to the Appeals Council. R. 18.

## II.  ANALYSIS.

20 C.F.R. §§ 404.977(b) and 416.1477(b) specifically state the following regarding an ALJ's duty on remand from the Appeals Council:

> Action by [ALJ] on remand. The [ALJ] **shall take any action that is ordered by the Appeals Council** and may take any additional action that is not inconsistent with the Appeals Council's remand order.

*Id*. (emphasis added). The Eleventh Circuit has characterized such remand orders as mandates, stating that the lower court, in this case the ALJ, "'may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.'" *Apone v. Commissioner of Social Security*, 2011 WL 3055266 at *1 (11th Cir. Jul. 25, 2011) (describing the standard of review when a claimant alleges an ALJ failed to

comply with Appeals Council's remand order) (unpublished) (quoting *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985)).[1]

The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). However, because a hearing before an ALJ is non-adversarial, the ALJ retains the basic duty to fully and fairly develop the record even when a claimant is represented by counsel. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). Courts in this circuit have held that an ALJ's failure to take the specific action mandated by the Appeals Council on remand is reversible error because it obviates an ALJ's duty to fully and fairly develop the record. In *Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1375-76 (N.D. Ga. 2006), the Northern District of Georgia, after quoting the above portion of 20 C.F.R. § 404.977(b), reversed the final decision of the ALJ stating the following:

> In the instant case, the remand order noted that "[f]urther consideration" was warranted to determine whether Claimant's former jobs would allow her to "alternate between sitting and standing." The ALJ was specifically tasked with "further develop[ing] the record regarding the demands of the claimant[']s past relevant work, and obtain[ing] evidence from a vocational expert to clarify whether the claimant could meet the demands of such work[.]" While the Appeals Council's statements concerning the insufficiency of the previous ALJ's decision in establishing that Claimant's past relevant work would allow her to alternate between sitting and standing could be construed as simply conveying the pertinent facts, when read in the context of the entirety of the Appeals Council's order remanding for further proceedings, the Court cannot subscribe to this view. The Appeals Council specifically mandated that "further develop[ment]" of the record was required with regard to the demands of Claimant's past relevant work. In light of the Appeals Council's statements that the previous decision was deficient because of its treatment of the "sit/stand option" and that further review was therefore required, this Court construes the Appeals Council's remand order as requiring the consideration of the "sit/stand option," even if that

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

> consideration entailed the debunking thereof. As such, because the "sit/stand option" was not considered or discussed, error has been committed. 20 C.F.R. § 404.977(b); *See Thompson v. Barnhart*, 2006 WL 709795, *11-12 (E.D.Pa. March 15, 2006) ("The ALJ has ... committed legal error by not following the mandate of the court, and by not following the regulations of the Social Security Administration itself which require adherence to the remand orders of the Appeals Council.").

*Id*. Thus, in *Tauber*, the Court remanded the case back to the Commissioner because the ALJ did not comply with Appeals Council's remand order. *Id*.

Similarly, in *Bolen v. Astrue*, 2008 WL 694712 (S.D. Ala. Mar. 12, 2008), the court reversed the final decision of the Commissioner and held that the ALJ failed to fulfill his duty to fully and fairly develop the record because "he did not include limitations on plaintiff's residual functional capacity . . . as instructed by the Appeals Council [after remand]." *Id*. at * 2. In *Rease v. Barnhart*, 422 F.Supp.2d 1334, 1375 (N.D. Ga. 2006), the court reversed the final decision of the Commissioner, in part, because on remand from the Appeals Council, the ALJ failed to obtain a comprehensive mental status examination. *Id*. Notably, in *Rease*, the ALJ did obtain a mental status examination on remand, but the court held that the opinion offered by the psychologist did not take into account any physical limitations the claimant might have and, therefore, it was not a comprehensive evaluation as ordered by the Appeals Council. *Id*. at 1375. *See also Fincher v. Astrue*, 2008 WL 821855 at *2 (M.D. Ga. Mar. 25, 2008) (same).

The Commissioner acknowledges that the ALJ did not "explicitly address [the] pharmacy information sheets submitted by [Claimant]," but argues that the ALJ implicitly considered and rejected them. Doc. No. 19 at 5. The undersigned finds the above-referenced cases highly persuasive, and concludes that the ALJ's failure to explicitly "address the evidence which was submitted with the request for review" is an error of law requiring remand for further proceedings. R. 132. *See also Apone*, 2011 WL 3055266 at * 1 (11th Cir. Jul. 25, 2011)

(whether a court complied with mandate is an issue of law); 20 C.F.R. §§ 404.977(b) and 416.1477(b) (requiring ALJ to "take any action" ordered by Appeals Council); *Rease*, 422 F.Supp.2d at 1375; *Bolen*, 2008 WL 694712 at * 2 (S.D. Ala. Mar. 12, 2008); *Tauber*, 438 F.Supp.2d at 1375-76; *Fincher*, 2008 WL 821855 at *2 (M.D. Ga. Mar. 25, 2008). Accordingly, based on this error, it is recommended that the case be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[2]

## III.   CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision for further proceedings pursuant to sentence four of Section 405(g);

2. Enter judgment in favor of the Claimant and against the Commissioner; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report **within ten (10) calendar days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection.**

---

[2] Claimant also argues that the ALJ lacked good cause to give less than significant weight to Dr. Alvarez's July 5, 2011 opinion. Doc. No. 18 at 14-18; R. 921. The ALJ gave less than significant weight to Dr. Alvarez's opinion for the following reasons: 1) Dr. Alvarez "does not provide any specific reference to evidence of record in support of his assessed limitations"; 2) Dr. Alvarez's assessed limitations "are contrary to the claimant's hearing demeanor"; 3) "the objective independent medical evidence of record reports indicating the claimant retains normal 5/5 muscle strength throughout and normal gait and station"; 4) Dr. Alvarez's assessed limitations "are contrary to the claimant's own reported activities of daily living"; and 5) Dr. Alvarez's assessed limitations "are not consistent with [his] own objective clinical treating records for the claimant during the period at issue," which "reflect light work limitations with a restriction to not lift more than ten pounds and perform no excessive standing, which [the ALJ's] residual functional capacity assessment for the claimant takes into account." R. 19. Thus, the ALJ provides five reasons for giving less than significant weight to Dr. Alvarez's opinion. R. 19. Because the final decision must be remanded for the reason detailed above, on remand the ALJ will necessarily have to reassess all medical opinions of record and the Claimant's residual functional capacity assessment. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record). Accordingly, it is unnecessary to address the remaining error alleged because on remand the ALJ will necessarily have to reassess the entire record.

**RECOMMENDED** in Orlando, Florida on July 29, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Lisa B. Martin
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224