UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANGELA VICTORIA ROSS,**

        **Plaintiff,**

v.                                            **Case No:  6:12-cv-959-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

**ORDER**

This cause is before the Court on Plaintiff Angela Victoria Ross' ("Plaintiff") Complaint for review of the Final Decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's claim for Disability Insurance benefits and Supplemental Security Income payments. (Doc. No. 1).

The United States Magistrate Judge has submitted a report recommending that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision be reversed and remanded for further proceedings. (Doc. No. 20).

After an independent *de novo* review of the record in this matter, including the objections filed by the Commissioner (Doc. No. 21) and Plaintiff's response thereto (Doc. No. 22), the Court agrees entirely with the findings of fact and conclusions of law in Magistrate Judge Kelly's Report and Recommendation (the "R & R").

**I.   BACKGROUND**

The Court adopts as if fully set forth herein the background section from the R &

R (Doc. No. 20 at pp. 1-3). Pertinent facts from the R & R are repeated here for convenience.

On August 10, 2009, Administrative Law Judge ("ALJ") Lisa B. Martin issued a decision finding Plaintiff not disabled. (R. at 116-28). On review to the Appeals Council, Plaintiff submitted written argument along with new evidence consisting of pharmacy information slips indicating the side effects that Plaintiff suffers from her medications. (R. at 363-69). Importantly, the pharmacy information slips were the only new evidence submitted with the request for review of the ALJ's decision. *Id.* In that appeal, Plaintiff contended that the ALJ erred by failing to make specific findings regarding the side effects of Plaintiff's medications. (R. at 363-64).

Upon review, the Appeals Council entered an order remanding the case to the ALJ for further proceedings. (R. at 129-32). In addition to other directives, the order required that the ALJ "offer the claimant an opportunity for a hearing, *address the evidence which was submitted with request for review*, [and] take any further action needed to complete the administrative record and issue a new decision." (R. at 132) (emphasis added).

Upon remand and after a hearing, the ALJ issued a decision finding Plaintiff not disabled. (R. at 10-22). In that decision, the ALJ stated that she had "complied with all of the Appeals Council's instructions contained in their order." (R. at 10). However, while the ALJ's order contained references to each of the other directives from the Appeals Council, it failed to include or reference the directive "to address the evidence which was submitted with the request for review." (*Compare* R. at 10 *with* R. at 132). The ALJ's

decision did mention that Plaintiff "testified [at the second hearing] she took pain medication, which caused her to doze off three times during work hours." (R. at 18). However, as the Magistrate Judge correctly found, the ALJ failed to address or even mention the pharmacy information slips submitted to the Appeals Council as required by the Council's August 20, 2010 order. Accordingly, the Magistrate Judge concluded that the ALJ's failure to explicitly address the evidence that was submitted with the request for review, i.e., the failure to comply with the Appeals Council's mandate, was an error of law requiring remand. (Doc. No. 20 at p. 6).

## II.   COMMISSIONER'S OBJECTIONS

In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112, 103 S.Ct. 744 (1983). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S. Code Cong. & Admin. News 6162, 6163). A district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper–Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

The Commissioner raises two objections to the R & R. First, the Commissioner asserts that the ALJ complied with the Appeals Council's remand order by addressing Plaintiff's allegations of medication side effects. Secondly, the Commissioner argues that even if this Court finds the ALJ erred by not complying with the Appeals Council's Remand order, the error is harmless and the ALJ's decision should nevertheless be affirmed.

### A. *First Objection*

The Commissioner contends that the Appeals Council remand order did not mandate an explicit discussion of the new evidence contained within the pharmacy information slips. (Doc. No. 21 at p. 2). Rather, the Commissioner argues the ALJ needed to merely "address the evidence," *id.*, which was satisfied by "providing Plaintiff with the opportunity to testify regarding her alleged medication side effects." *Id.* at 4. The crux of the Commissioner's argument is that in issuing the decision, the ALJ *implicitly* rejected Plaintiff's complaints of the side effects of the medications. *Id.* at 3. This Court finds that argument unconvincing.

The social security regulations state: "The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b), 416.1477(b); *cf. Gibbs v. Barnhart*, 130 Fed. Appx. 426, 430 (11th Cir. 2005) (noting that "in order to fully discharge the Appeals Council's mandate," the ALJ was required to take the steps required by the Appeals Council).[1] Further, a court "may not alter, amend, or

---

1 This Court recognizes that in this Circuit unpublished opinions are not considered binding, but may be

examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Apone v. Comm'r of Soc. Sec.*, 435 Fed. Appx. 864, 865 (11th Cir. 2011) (unpublished) (quoting *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985)).

The burden is on the claimant to prove the existence of a disability under the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991) (citing *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984)). However, because a hearing before an ALJ is non-adversarial, the ALJ retains the basic duty to "fully and fairly develop the record" even when a claimant is represented by counsel. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). As the Magistrate Judge discussed in the R & R, courts in this Circuit have held that an ALJ's failure to take specific action mandated by the Appeals Council on remand is reversible error because it obviates an ALJ's duty to fully and fairly develop the record. (Doc. No. 20 at pp. 4-5 (citing *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1375-76 (N.D. Ga. 2006) (remanding case because the ALJ did not comply with Appeals Council's remand order); *Bolen v. Astrue*, 2008 WL 694712 (S.D. Ala. Mar. 12, 2008) (reversing final decision of ALJ because ALJ did not comply with Appeals Council's remand order); *Rease v. Barnhart*, 422 F. Supp. 2d 1334, 1375 (N.D. Ga. 2006); *Fincher v. Astrue*, 2008 WL 821855 at *2 (M.D. Ga. Mar. 25, 2008))).

This Court agrees with the Magistrate Judge that the above-referenced cases are highly persuasive as applied to this case. The record is devoid of any indication that the

---

cited as persuasive authority. *See* 11th Cir. R. 36-2.

ALJ addressed the pharmacy information slips, as required by the Appeals Council's remand order. While the Commissioner urges this Court to accept the notion that the ALJ *implicitly* considered and rejected the pharmacy information slips, it would be an impossible task for this Court to construe what weight, if any at all, the ALJ might have accorded that evidence. As a result, this Court finds that the ALJ did not consider the new evidence, and thus failed to "fully and fairly develop the record." *See Graham* 129 F.3d at 1422. The ALJ's failure to explicitly "address the evidence which was submitted with request for review" is an error of law, which requires remand for further proceedings.

B.  *Second Objection*

The Commissioner argues that even if this Court finds the ALJ erred by not complying with the Appeals Council's remand order, the error is harmless and the ALJ's decision should nevertheless be affirmed. (Doc. No. 21 at pp. 5-6).

In a social security appeal, review is limited to determining whether an ALJ's decision is supported by substantial evidence, and whether the correct legal standards were applied. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citation omitted). "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). This Court "cannot, however, conduct a review

that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered." *Ryan v. Heckler*, 762 F.2d 939, 941 (11th Cir. 1985). Thus, the ALJ must develop a full and fair record, and evaluate all the relevant evidence. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

In this case, there is conflicting evidence regarding Plaintiff's medication side effects. The Commissioner acknowledges that the "treatment record is devoid of evidence supporting Plaintiff's allegations of medication side effects." (Doc. No. 21 at pp. 5-6). However, this is precisely why the ALJ needed to address the pharmacy information slips, per the Appeals Council's mandate, and the weight accorded to that new evidence. The only reference to Plaintiff's medications in the ALJ's decision was that Plaintiff "testified [at the second hearing] she took pain medication, which caused her to doze off three times during work hours." (R. at 18). There was not a single mention of the new evidence contained in the pharmacy information slips in either the hearing or the ALJ's order. When evidence is conflicting, the ALJ must articulate how those conflicts are resolved and such decision must be supported by substantial evidence. S*ee generally Glover v. Comm'r of Soc. Sec.*, 2012 WL 84775 at *8 (M.D. Fla. Jan. 11, 2012) (ALJ has the duty as trier of the facts to weigh and resolve any conflicts in the evidence (citing *Moore*, 405 F.3d at 1213)); *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1371–72 (N.D. Ga. 2006) (stating that ALJ has "exclusive power to resolve conflicts in the evidence," but must state reasons, supported by substantial evidence, for the ALJ's conclusions). Here, the ALJ failed to address the side effects from the pharmacy information slips, as

mandated by the Appeals Council. Accordingly, this Court cannot find that the Commissioner's final decision is supported by substantial evidence. This failure to comply with the Appeals Council's order therefore does not constitute harmless error, thus requiring a remand for further proceedings.

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation filed July 29, 2013 (Doc. No. 20), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Defendant's objections (Doc. No. 21) are **OVERRULED.**

3. The Final Decision of the Commissioner denying the Plaintiff's claim for Disability Insurance benefits and Supplemental Security Income payments is hereby **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk shall enter final judgment in favor of the Plaintiff and against the Commissioner; and

5. The Clerk is **DIRECTED TO CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2013.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties